*Municipal Court of the*
*City of Boston*
No. 99104
**SAWYER & COMPANY**
**v.**
**SOUTHERN PACIFIC COMPANY**
No. 95618
**D'ARRIGO BROS. COMPANY**
**v.**
**SOUTHERN PACIFIC COMPANY**
Argued: Oct. 9, 1967 Decided: Nov. 9, 1967

*Present:* Adlow, C.J., Gillen, Glynn, J.J.

Case tried to *Canavan, J.* in the Municipal Court of the City of Boston.

*(Same Opinion was filed in each case.)*

*Adlow, C. J.* In this action of contract or tort the plaintiff seeks to recover damages for the failure to properly transport five cars of cantaloupes from the west coast to Boston. The

plaintiff bases its claim on the fact that the alleged merchandise was in sound and merchantable condition when delivered to the carrier and that the same was spoiled when it reached it destination.

 To warrant a finding for the plaintiff, the burden was on the plaintiff to prove, among other things, that the cantaloupes were free of taint and sound when delivered to the carrier, and were spoiled when they arrived at their destination. To sustain this burden the plaintiff offered in evidence U. S. Department of Agriculture inspection certificates covering the shipments in issue.

On the basis of these certificates and what they stated, the court would have been warranted in finding that when delivered to the carrier the cantaloupes were free of taint or defect. Over the objection of the defendant the court admitted these certificates in evidence and at the close of the evidence found for the plaintiff. Being aggrieved by the refusal of the court to bar this evidence from the proceedings and by the further finding for the plaintiff, the defendant brings this report.

 Title 7, § 1622, subsection (h) of the United States Code, prescribes the rights of the Secretary of Agriculture and of those operating under him with respect to the issuance of inspection certificates. It sets forth in part that

"any official certificate issued under the

authority of this subsection shall be received by all officers and all courts of the United States as prima facie evidence of the truth of the statements therein contained.''

While the term ''all courts of the United States'' might literally appear to embrace every possible tribunal within the geographical bounds of the United States, the proper construction would appear to depend on the context in which the term is used in other acts passed by our national Congress. Title 28 of the United States Code which deals with Judiciary and Judicial Procedure provides in § 451 as follows:

''As used in this title, the term 'court of the United States' includes the Supreme Court of the United States, courts of appeal, district courts constituted by Chapter 5 of this title, including United States District Court of Puerto Rico, the Court of Claims, the Court of Customs and Patent Appeals, the Customs Court and any court created by Act of Congress, the judges of which are entitled to hold office during good behavior.''

In the light of this definition it would appear that the use of the inspection certificates is limited by Title 7, § 1622, subsection (h) to the Federal courts.

Our attention has been called to Mass. G.L. c. 94, § 117D which provides that the Com-

missioner of Agriculture in this Commonwealth may provide for the issuance of certificates of inspection which

> "shall state the date and place of inspection, the grade, standard, condition and approximate quality of the farm products inspected, and any other pertinent facts that the Commissioner may require. Such a certificate and all federal certificates relative to the condition or quality of said farm products shall be prima facie evidence in all courts of the Commonwealth of the facts required as aforesaid to be stated therein."

Standing alone this section of our General Laws might appear to authorize the use of Federal certificates in our state courts. However, the right to issue certificates is limited by c. 94, § 117A to "farm products except apples, potatoes, and milk, produced within the Commonwealth for the purpose of sale." The United States Department of Agriculture inspection certificates made admissible by this law of our Commonwealth, are those issued in connection only with farm products grown in Massachusetts.

Aside from the claim that the provisions of Title 7, § 1622, subsection (h) make the inspection certificate competent evidence, the claimant further argues that these certificates are admissible under the general provisions of

Mass. G.L. c. 233, § 78. We do not agree. These certificates are not kept in the regular course of business. They are not required by law, but are obtainable at the option of the shipper. Title 7, United States Code, § 1622, subsection (h) Wigmore on Evidence, § 1525.

These certificates of inspection are not public records. They are merely issued for the convenience of shippers of produce. There is no requirement that they be kept as public records. By reason of the United States Code provisions they enjoy a privileged status in the courts of the United States.

In the State of New York the limited range within which the provisions of this Federal statute operate was recognized and appropriate legislation was passed into law making such inspection certificates admissible in evidence in the State courts. See McKinney's Consolidated Law of New York Ann., 7B, Civil Practice Law Rules (CPLR), Rule 4529, Amended L. 1962, c. 315, § 1.

In the absence of such enabling legislation this privilege is not available to a party in a similar action in our state courts.

In our opinion the court erred in admitting these certificates in evidence. **Finding for the plaintiff vacated.**

**Finding to be entered for defendant.**

Frank Infelise, Jr.

of Lynn for the Plaintiff.

RICHARD J. FERRITER
 of Boston for the Defendant New York Central Railroad.
JOHN O'KEEFE,
 of Boston for the Defendant Boston & Maine Railroad.
EARL F. HAUSS, JR.,
CHARLES S. ADAMS,
GEORGE B. REDDING,
 All of Boston for the Southern Pacific Company.